UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MATTEO NANIA,

                Petitioner,                  **MEMORANDUM AND ORDER**

   -against-

                                                20-CV-4655 (AMD)

AMKC WARDEN MICHELLE HALLET,

                Respondent.
-----------------------------------------------------------X

ANN M. DONNELLY, United States District Judge:

On September 28, 2020, the petitioner, who is currently detained at the Anna M. Kross Correctional Facility ("A.M.K.C.") on Rikers Island, brought this *pro se* action styled as "A Common Law Petition for Writ of Habeas Corpus." (ECF No. 1 at 2.)[1] The petition was filed on a form petition for habeas corpus petitions brought pursuant to 28 U.S.C. § 2254, and the petitioner paid the $5 filing fee for such petitions. As explained below, because this Court does not have jurisdiction over the petitioner's challenge to his state court criminal proceedings, and because the petitioner has not exhausted state remedies, the petition is dismissed.

## BACKGROUND

The petitioner states that he is detained pursuant to a pending criminal action in the New York State Supreme Court, Kings County under CR-016821-20KN.[2] (ECF No. 1 at 2.) The

---

[1] The Court refers to the pre-printed pages on the form petition, which do not correspond to the pages assigned by the Electronic Case Filing system.

[2] The New York State Unified Court System database names the petitioner as a defendant in case number 01324-2020. *See* Case Details - Summary, New York State Unified Court System, *https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=case&docketNumber=NUqiqTRj_PLUS _oEzB3mYpgjVig==&courtType=S&countyId=Mx3NDQ8QLq7VMaHuMnNJWw==&docketId=s20BD EFxwnEc2MBq3udGYw==&docketDseq=wJ2/4du1NximNDMJ8ADcTA==&defendantName=Nania,+ Matteo&county=KINGS&court=Kings+Supreme+Court+- +Criminal+Term&recordType=C&recordNum=BU_PLUS_ghyszLyfxSvJz3Aj76Q==* (last visited Nov. 10, 2020).

petitioner alleges three discrete bases for his habeas claims: (i) that he was arrested without the government making a "[*bona fide*] claim," (ii) that he was represented by a public defender despite having "rejected" this representation and (iii) that, by virtue of his current detention, he is "suffering punishment without a proven crime." (*Id.* at 6-7, 9-10.) The petitioner further alleges that his "right to a speedy trial and process" was impaired when he was "denied [his] right to present [his] claims . . . directly," and also references an injury he suffered during an arrest. (*Id.* at 6, 10.) The relief the petitioner seeks is that he "be permitted to stand unimpaired in his own garb as a free man before a jury of his peers to adjudicate his matter." (*Id.* at 15.)

In a subsequent letter to the Court (ECF No. 4.), the petitioner asserts a series of claims against corrections officers at the A.M.K.C. facility and requests documents from Maimonides Hospital.

## DISCUSSION

This Court cannot grant the petitioner the relief he seeks because it has no jurisdiction over ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state court criminal actions, absent some extraordinary circumstance such as bad faith or harassment. *See id.* at 49. The petitioner has not alleged bad faith prosecution or harassment. Should he believe that his right to a speedy trial or to represent himself in his criminal proceeding or some other constitutional right has been violated, the petitioner is free to raise these concerns in the criminal proceeding.

Moreover, it is not clear that the petitioner seeks relief from custody, and he does not establish any grounds for challenging his detention prior to trial. Although the petitioner styles his submission as a "Common Law Petition," the common law writs have been replaced and

superseded by the statutorily constructed writ of habeas corpus available under 28 U.S.C. § 2241.[3] Section 2241 permits habeas corpus review for state prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." *U.S. ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976); *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-91 (1973) (permitting a state detainee to bring a federal habeas case to challenge his lengthy pre-trial detention because he had previously presented his speedy trial claim to the state court). The petitioner does not assert that he raised his constitutional claims in the New York state court.

## CONCLUSION

As this Court does not have jurisdiction over the petitioner's challenge to his state court criminal proceedings, and the petitioner has not exhausted state remedies, the petition is dismissed. A certificate of appealability will not issue as the petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[3] The petitioner used the form for 28 U.S.C. § 2254, which permits state prisoners in custody pursuant to state court *judgments* to challenge their custody in federal court. The petitioner appears to be in pre-trial detention rather than in custody pursuant to a judgment of conviction. Accordingly, 28 U.S.C. § 2241, rather than § 2254, is applicable.

The Clerk of Court is respectfully directed to send a copy of this Order to the petitioner, along with the form for filing a civil rights complaint and an *in forma pauperis* application and Prisoner Authorization.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
  November 10, 2020