UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                          :

**MATTEO NANIA,**

                          Plaintiff,                      : **MEMORANDUM DECISION AND ORDER**

                – against –                            :

                                                       : 20-CV-4655 (AMD) (LB)

**AMKC WARDEN MICHELLE HALLETT,**

                        Defendant.                    :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       The petitioner, Matteo Nania, filed this *pro se* action, styled as "A Common Law Petition for Writ of Habeas Corpus," on September 16, 2020. (ECF No. 1.) At the time he filed this action, the petitioner was detained at the Vernon C. Bain Center on Rikers Island awaiting criminal prosecution in the New York State Supreme Court, Kings County under Docket CR-016821-20KN, Case Number 01324-2020.[1] The petitioner asked this Court to intervene in the state criminal proceeding. (*See id.*) In an order dated November 10, 2020, the Court dismissed the petition because the petitioner had not exhausted his state court remedies, and because federal courts do not have jurisdiction over challenges to pending state court criminal proceedings. (ECF No. 5.)

       The petitioner renewed his original request in a "Motion to Reopen," which the Court received on May 13, 2021. (ECF No. 7.) The Court construed the submission as a request for

---

[1] The petitioner's location is listed in the NYC DOC database, and reflects that he was transferred to a medical facility on October 7, 2021. The petitioner's criminal charges no longer appear in the New York State Unified Court system searchable database.

reconsideration of the Court's November 10, 2020 Order and denied the motion on June 24, 2021. (ECF No. 8.)

On August 24, 2021 and September 7, 2021, the Court received additional submissions from the petitioner.

In the August 24, 2021 submission—captioned "Motion to Change Venue and Stay Proceedings"— the petitioner renews his original challenge to the state criminal proceeding. (ECF No. 9 at 4-6, 9, 36-37, 40-47.) The petitioner makes a series of assertions about financial systems and implied contracts he purports to have with various entities. (*Id.* at 9, 11-22.) The petitioner also demands payments for his arrest and processing on September 6, 2020. (*Id.* at 9-10.) In this submission, the petitioner also raises claims related to his custody, including allegations that corrections officers "publicly pronounce[d] [his] private name," (*Id.* at 12), confiscated items including "79 sugar packets, 87 apple pips, [and] 39 orange seeds," (*Id.* at 13), and restricted his recreation time "by making unwarranted demands as a condition of access," (*Id.* at 20, 26-27).

The September 7, 2021 submission includes documents directed to the "Warden of Vernon C. Bain Credit Facility," the Supreme Court of the State of New York, Kings County, and "Ms. Donnelly." (ECF No. 10.) In this submission, the petitioner again renews his demand that his state criminal case be "moved to a district court, the proper venue for this proceeding." (*Id.* at 2.)

I construe the petitioner's latest submissions as renewed motions to reconsider the Court's November 10, 2020 order dismissing this case. The petitioner's new submissions do not present controlling decisions or factual matters that the Court overlooked, and which, had they been considered, might have reasonably altered the result before the Court. *See Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).  As the Court has stated in prior orders, this Court cannot intervene in a pending state criminal proceeding.  *See Younger v. Harris*, 401 U.S. 37 (1971).  The petitioner has not shown any exceptional circumstances that would alter the Court's conclusion or justify relief from the judgment.  Accordingly, the Court denies the petitioner's renewed motions to reconsider the November 10, 2020 judgment dismissing his claims.[2]

In short, the Court has no power to grant the relief the petitioner seeks.  If the petitioner continues to file submissions under this docket number, the Court may impose restrictions on filing.  *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.").

---

[2] In his latest submissions, the petitioner also asserts claims related to his arrest and the conditions of his confinement on Rikers Island.  However, these claims are premised on alleged financial damages under implied contracts; the petitioner does not allege that his arrest and confinement violate his constitutional rights.  If the petitioner believes that his arrest or the conditions of his custody violate his constitutional rights, he may bring these claims by filing a civil action pursuant to 42 U.S.C. § 1983.

## CONCLUSION

For these reasons, the petitioner's motions are denied. Future filings in this case, other than a Notice of Appeal, may result in filing restrictions. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                      s/Ann M. Donnelly
                                                                     ANN M. DONNELLY
                                                                     United States District Judge

Dated: Brooklyn, New York
          October 26, 2021